IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID L. THORNE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 05-1367 |
| | § | |
| METROPOLITAN TRANSIT | § | |
| AUTHORITY, | § | |
|     Defendant. | § | |

## **ORDER**

This case is before the Court on Plaintiff's "Amended Motion for Summary Judgment" [Doc. # 22]. Plaintiff seeks summary judgment on his claim that he was denied due process when Defendant suspended him without pay and that Defendant violated the Voting Rights Act by failing to recognize the Urban Mass Transit Union and its officers.[1] Defendant has filed its Response [Doc. # 24], which includes a Motion to Strike [Doc. # 25] the exhibits attached to Plaintiff's Motion.

With reference to the purported Voting Rights Act aspect of Plaintiff's Motion, the Court notes that during the Initial Pretrial Conference on July 8, 2005, the Court advised Plaintiff that he could not pursue claims regarding the status of the Urban Mass Transit Union. The Court again advises Plaintiff that he cannot litigate in this case the status of the

---

[1] Defendant interprets Plaintiff's Amended Motion for Summary Judgment as seeking summary judgment on the additional issue of whether Defendant's work rules are illegal because Plaintiff and other officials of the Urban Mass Transit Union have advised Defendant that they consider the work rules illegal. The Court views this issue as an extension of the issue regarding recognition of the Urban Mass Transit Union, and therefore it is not actionable in this lawsuit.

Urban Mass Transit Union or the validity or legality of the election on October 1, 2004. Whatever authority Plaintiff may or may not have to speak for the Urban Mass Transit Union, he cannot as a *pro se* litigant represent the union or its members in this court. *See Harris v. Apfel,* 209 F.3d 413, 415 (5th Cir. 2000).

With reference to Plaintiff's due process claim, Defendant has presented evidence which indicates that Plaintiff's suspension without pay was consistent with the terms of the labor agreement in effect during the relevant time periods, including a four-step disciplinary process which protected Plaintiff's due process rights. Summary judgment cannot be granted where, as here, the parties have presented evidence which raises a genuine issue of material fact. *See* FED. R. CIV. P. 56. Accordingly, it is hereby

**ORDERED** that Plaintiff David L. Thorne's Motion for Summary Judgment [Doc. # 22] is **DENIED**. It is further

**ORDERED** that Defendant's Motion to Strike [Doc. # 25] is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this **2nd** day of **December, 2005.**

_____
Nancy F. Atlas
United States District Judge