IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID L. THORNE, § | |
|    Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-05-1367 |
| § | |
| METROPOLITAN TRANSIT § | |
| AUTHORITY OF HARRIS § | |
| COUNTY, TEXAS, § | |
|    Defendant. § | |

**<u>MEMORANDUM AND ORDER</u>**

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 39] filed by Defendant Metropolitan Transit Authority of Harris County, Texas ("Metro"). By Order entered April 3, 2006 [Doc. # 40], Plaintiff was directed to file any opposition to Metro's Motion by April 21, 2006, and was cautioned that failure to file a response by that date could result in the entry of summary judgment in Metro's favor. Plaintiff has neither responded to Metro's Motion nor requested an extension of time to do so.[1]

---

[1] Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4. However, when a plaintiff fails to respond to a defendant's Motion for Summary Judgment, the Court must nevertheless consider the merits of the Motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995). *See* FED. R. CIV. P. 56(c).

The Court has reviewed the full record in this case. Based on this review and the application of governing legal authorities, the Court **grants** Metro's Motion for Summary Judgment.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The material facts in this case are undisputed. Plaintiff is a bus operator for Metro, where he served as a union steward for four years.

The collective bargaining agreement between Metro and the Transport Workers Union, AFL-CIO (the "Union") provides a four-step grievance process for challenging disciplinary measures imposed by Metro against a Union member. The Union represents the employee and is responsible for contacting the employee regarding the date and time for any hearing.

On September 7, 2004, Plaintiff engaged in insubordinate conduct deemed unbecoming of a Metro employee in violation of Section 505 of the Employee Work Rules. The infraction resulted in a five-day suspension from September 13-17, 2004. The Union represented Plaintiff through three steps of the grievance procedure, including a hearing on January 6, 2005. Although Metro sustained the suspension following the hearing, the Union did not appeal to Step 4 – arbitration.

On March 8, 2005, Plaintiff took the wrong bus from the garage in violation of Article 609 of the Employee Work Rules. As a result, Plaintiff was suspended for three

days from March 14-16, 2005. The Union filed a grievance on Plaintiff's behalf, which was denied at Step 1 and not pursued further.[2]

Plaintiff filed his *pro se* complaint in April 2005. After an adequate time for discovery, Defendant moved for summary judgment. The motion is now ripe for decision.

## II.    ANALYSIS

### A.    Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.), *cert. denied*, 537 U.S. 824 (2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[2]  Plaintiff testified in his deposition that he did not remember filing a grievance in connection with the March 2005 suspension, but the evidence indicates that a grievance was filed on his behalf.

days from March 14-16, 2005. The Union filed a grievance on Plaintiff's behalf, which was denied at Step 1 and not pursued further.[2]

Plaintiff filed his *pro se* complaint in April 2005. After an adequate time for discovery, Defendant moved for summary judgment. The motion is now ripe for decision.

## II.    ANALYSIS

### A.    Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir.), *cert. denied*, 537 U.S. 824 (2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[2]  Plaintiff testified in his deposition that he did not remember filing a grievance in connection with the March 2005 suspension, but the evidence indicates that a grievance was filed on his behalf.

law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the nonmovant only when there is an actual controversy – "that is, when both parties have submitted evidence of contradictory facts." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Freeman v. Texas Dept. of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). The movant meets this initial burden by showing that the "evidence in the record would not permit the nonmovant to carry its burden of proof at trial." *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998).

If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)). A dispute over a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party. *Id*. (quoting *Brenoettsy*, 158 F.3d at 911); *see also Quorum Health Resources, L.L.C. v. Maverick County Hosp. District*, 308 F.3d 451, 458 (5th Cir. 2002).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998); *Zucker ex rel. AIM Small Cap Growth Fund v. AIM Advisors, Inc.*, 371 F. Supp. 2d 845, 847 (S.D. Tex. 2005). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden at summary judgment." *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996); *see Roberson v. Alltel Information Services*, 373 F.3d 647, 654 (5th Cir. 2004). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris*, 144 F.3d at 380.

Additionally, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *See Complaint of Port Arthur Towing Co.*, 42 F.3d 312, 318 (5th Cir.), *cert. denied*, 516 U.S. 823 (1995); *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). In the absence of proof, the Court will not assume that the nonmovant could or would prove the necessary facts. *See Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998).

**B.    Due Process**

Plaintiff alleges that he was denied his rights under the Fourteenth Amendment to due process in connection with the suspensions.  Basically, a governmental entity such as Metro must give its employees effective notice and a opportunity to be heard before imposing discipline such as a suspension without pay or termination.  *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546 (1985).  The employee "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."  *Id.*

In this case, Plaintiff was provided all the due process to which he was entitled.  In each instance, he was given notice, was represented by his Union, and was provided an opportunity to be heard.  Indeed, in connection with the September 2004 suspension, Plaintiff participated in a hearing.  Metro provided a full opportunity for Plaintiff to be heard and Plaintiff took advantage of that opportunity – once in an actual hearing and once in writing only.

Plaintiff has failed to present evidence to support his due process claim, and the uncontroverted evidence in the record establishes that Plaintiff was provided with notice and an opportunity to be heard in connection with each suspension.  As a result, Defendant is entitled to summary judgment.

## III.  CONCLUSION AND ORDER

Plaintiff has failed to respond to Defendant's Motion for Summary Judgment. The undisputed evidence shows that Plaintiff's claim that he was suspended without due process is without merit.  As a result, it is hereby

**ORDERED** that Metro's Motion for Summary Judgment [Doc. # 39] is **GRANTED**.  The Court will issue a separate final order.

SIGNED at Houston, Texas, this **28th** of **April, 2006**.

_____
Nancy F. Atlas
United States District Judge